JS-6

FILED
CLERK, U.S. DISTRICT COURT

JUL 21 2008

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION     BY DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK W. HOLBERT, <br><br>　　　　　Petitioner, <br><br>　　v. <br><br>WARDEN, <br><br>　　　　　Respondent. | No. CV 08-4122-PSG (OP) <br><br> MEMORANDUM AND ORDER RE: SUMMARY DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS |

## I.

## PROCEEDINGS

On June 23, 2008, Derek W. Holbert ("Petitioner"), filed the current Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Pet."). Petitioner challenges his November 30, 2004, conviction in the Santa Barbara County Superior Court, case number 1134563, for assault with intent to commit rape, false imprisonment, and sexual penetration in violation of California Penal Code sections 220, 236, and 289. (Pet. at 2.) On February 24, 2005, Petitioner was sentenced to a state prison term of fourteen years.[1] (Id.)

---

[1] On June 11, 2008, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 in this District in case number CV 08-3807-PSG (OP). In that Petition, Petitioner challenged the same conviction he challenges in the current Petition. On June 25, 2008, the Petition is case number CV 08-3807-PSG (OP) was

1

Petitioner appealed the judgment of conviction to the California Court of Appeal raising the following issues: 1) the trial court erred by improperly commenting on the evidence; 2) the trial court erred by denying his motion for new trial; 3) the trial court erred by failing to dismiss the sexual penetration conviction as an included offense of the assault; 4) the trial court erred by failing to conduct a jury trial of sentencing factors; 5) the trial court erred in its instruction to the jury; 6) the trial court erred in imposing multiple punishment in violation of California Penal Code section 654; 7) the trial court erred in imposing a fully consecutive term pursuant to California Penal Code section 667.6; 8) the trial court erred in imposing a fine pursuant to California Penal Code section 290.3; and 9) the trial court erred in ordering reimbursement pursuant to California Penal Code section 1203.1h. See People v. Holbert, 2006 WL 2475038 (Cal. App. 2 Dist. Aug. 29, 2006). The court of appeal modified the fine imposed pursuant to California Penal Code section 290.3, struck the order made California Penal Code section 1203.1h, but affirmed the judgment in all other respects. Holbert, 2006 WL 2475038, at *9.

On October 6, 2006, Petitioner filed a petition for review in the California Supreme Court which was denied in December 2006. (Pet. at 3.) The Court's independent review of the website for the California State Courts reveals that on October 6, 2006, Petitioner filed a petition for review in the California Supreme Court. On December 20, 2006, the petition was "denied without prejudice to any relief to which defendant might be entitled after the United States Supreme Court determines in Cunningham v. California, No. 05-6551, the effect of Blakely v. Washington (2004) 542 U.S. 296 and United States v. Booker (2005) 543 U.S. 220, on California law." The records do not reveal that Petitioner has sought any further relief in the California Supreme Court. The Court takes judicial notice of the state appellate court records for

---

dismissed without prejudice for failure to exhaust state judicial remedies. The Court takes judicial notice of its own records.

Petitioner's case, which is available on the Internet at http://appellatecases.courtinfo. ca.gov. See Smith v. Duncan, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take judicial notice of relevant state court records in federal habeas proceedings).

## II.

## DISCUSSION

This Court may entertain a habeas application on behalf of a person who is in custody pursuant to a state court judgment, and in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. Rose v. Lundy, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 179 (1982). The habeas statute now explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that-- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(I) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). Moreover, if the exhaustion requirement is to be waived, it must be waived expressly by the State, through counsel. See 28 U.S.C. § 2254(b)(3).

Exhaustion requires that the prisoner's contentions be fairly presented to the state courts, and be disposed of on the merits by the highest court of the state. See James v. Borg, 24 F.3d 20, 24 (9th Cir. 1994); Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979). A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995); Picard v. Connor, 404 U.S. 270, 275-78, 92 S. Ct. 509, 30 L. Ed. 2d 438

(1971); <u>Johnson v. Zenon</u>, 88 F.3d 828, 830 (9th Cir. 1996). Petitioner has the burden of demonstrating that he has exhausted available state remedies. <u>See</u>, <u>e.g.</u>, <u>Brown v. Cuyler</u>, 669 F.2d 155, 158 (3d Cir. 1982).

As set forth above, while Petitioner did file a petition for review in the California Supreme Court, on December 20, 2006, the petition was "denied without prejudice to any relief to which defendant might be entitled after the United States Supreme Court determines in <u>Cunningham v. California</u>, No. 05-6551, the effect of <u>Blakely v. Washington</u> (2004) 542 U.S. 296 and <u>United States v. Booker</u> (2005) 543 U.S. 220, on California law." Petitioner has not sought any further relief in the California Supreme Court. (Official Records of California Courts.) Since the petition for review was denied without prejudice, and Petitioner has not sought further relief in the California Supreme Court, it appears conclusively that the claims raised in the current Petition are unexhausted.

## III.

## ORDER

IT IS THEREFORE ORDERED that the current Petition is hereby dismissed without prejudice to refiling after exhaustion of state judicial remedies.[2]

The Deputy Clerk of the Court is directed to send Petitioner a copy of this Order.

DATED: 7/21, 2008

HONORABLE PHILIP S. GUTIERREZ
United States District Judge

Presented by:

HONORABLE OSWALD PARADA
United States Magistrate Judge

---

[2] This dismissal does not relieve Petitioner from complying with the one-year statute of limitations set forth in 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, with respect to any future habeas petitions filed in this Court.

4